UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD SYLVESTER

                              Plaintiff ,           Index No.: 18 CV 6023 (PKC) (JO)

    *-against-*

                                                                **FIRST AMENDED COMPLAINT**

CITY OF NEW YORK,
POLICE OFFICER KEVIN ADAIR,
SARGEANT MARTIN CUNNINGHAM
POLICE OFFICER JOHN DOE #1,           Plaintiff Demands Trial by Jury
POLICE OFFICER JOHN DOE #2, and
POLICE OFFICER JOHN DOE #3,

                              Defendants,

------------------------------------------------------------X

       Plaintiff, RONALD SYLVESTER, by his attorney, Alexis G. Padilla, complaining of the defendants, The CITY OF NEW YORK, POLICE OFFICER KEVIN ADAIR ("P.O. ADAIR"), SARGEANT MARTIN CUNNINGHAM ("SGT. CUNNINGHAM"), POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, and POLICE OFFICER JOHN DOE #3, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, RONALD SYLVESTER, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff RONALD SYLVESTER is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICER KEVIN ADAIR was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ADAIR acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New

York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant SARGEANT MARTIN CUNNINGHAM was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. CUNNINGHAM acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging

in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant POLICE OFFICER JOHN DOE #3 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOE #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

**STATEMENT OF FACTS**

12. On or about November 21, 2017, at approximately 9:30 P.M. plaintiff was lawfully present in the vicinity of Union Street between Schenectady Avenue and Utica Avenue in Brooklyn when he encountered defendants P.O. ADAIR, SGT. CUNNINGHAM, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, and POLICE OFFICER JOHN DOE #3, all plainclothes officers from the 71st precinct of the New York Police Department.

13. Plaintiff was walking alone on the sidewalk in the proximity of a large group of people. The officers approached the group and instructed them to walk down the block towards Utica Avenue.

14. Plaintiff was walking in the opposite direction, towards Schenectady Avenue.

15. Defendant P.O. ADAIR approached plaintiff, pushed him and told him to walk the other way.

16. Plaintiff stopped and said to Defendant P.O. ADAIR that he recently had surgery on his wrist and that the officer had no need to touch him. He then continued towards Schenectady Avenue.

17. Defendant P.O. ADAIR then tackled plaintiff from behind.

18. Plaintiff fell to the ground.

19. Defendant JOHN DOE #1 then grabbed plaintiff by his right arm.

20. Plaintiff began to scream that he just had surgery.

21. Defendant P.O. JOHN DOE #2 then punched plaintiff in his head.

22. Defendant P.O. ADAIR then put plaintiff in handcuffs while defendant SGT. CUNNINGHAM and defendants JOHN DOE #1, #2 and #3 stood by and watched.

23. Plaintiff immediately complained that the handcuffs were too tight.

24. The defendants ignored him.

25.  After approximately thirty minutes plaintiff was placed in a police car and transported to the 71st precinct.

26.  Plaintiff remained at the 71st precinct for approximately 8 hours.

27.  Plaintiff was then transferred to Central Booking in Brooklyn, where he remained for approximately fifteen hours.

28.  Plaintiff was falsely charged with resisting arrest and released on his own recognizance.

29.  All charges against plaintiff were eventually dismissed.

30.  At no time during the events described above did plaintiff commit any act for which he could be arrested.

31.  At no time during the events described above did plaintiff commit any act for which the use of force would be a reasonable response by the defendants.

32.  At no time during the events described above did defendants SGT. CUNNINGHAM, P.O. JOHN DOE #1, #2 or #3 take any action to oppose or otherwise address the unlawful actions of their fellow officers.

33.  As a result of the defendants' misconduct plaintiff suffered exacerbating pain to a pre-existing injury and a period of false imprisonment lasting approximately 24 hours.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants***

34.  Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35.  At all times during the events described above defendants lacked probable cause to use force against plaintiff.

36. All of the aforementioned acts of defendants were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

39. The acts complained of resulted in pain and injury to plaintiff.

40. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 against all defendants*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above, defendants lacked probable cause to arrest plaintiff.

43. At all times during the events described above defendants acted under the color of state law.

44. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

45. The arrest of plaintiff by defendants deprived plaintiff of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. As a result of the aforementioned acts of defendants plaintiff suffered a period of false imprisonment lasting approximately 24 hours.

47. All charges against plaintiff were eventually dismissed.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant City of New York*

48. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

50. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to resort to force without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

51. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

52. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

53. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 01/18/2019
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Ronald Sylvester*
575 Decatur Street #3
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com